ALFONSO GARCÍA, demandante y apelante, *v.* FERNANDO PÉREZ LLERA, demandado y apelado.

No. 4469.—*Sometido:* Mayo 22, 1929. *Resuelto:* Abril 11, 1930.

*Diego O. Marrero* y *Jesús A. González,* abogados del apelante; *M. Marcos Morales,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Alfonso García demandó a Fernando Pérez Llera para que le otorgara la escritura pública creditiva de la venta de

una finca de ocho cuerdas y media situada en el barrio de Quebrada Arriba de la jurisdicción de Cayey que le había comprado el 3 de junio de 1917 por la suma de $800 que le pagó en efectivo. Negó el demandado la existencia de tal contrato y alegó en contrario que se encontraba en posesión de la finca por compra al propio demandante y a su hermano Gerardo constante en documento público otorgado el 22 de julio de 1916.

Fué el pleito a juicio practicándose una larga prueba testifical y documental y la corte finalmente dictó sentencia en contra del demandante. No conforme éste apeló, señalando en su alegato cuatro errores que pueden comprenderse en dos. El primero se refiere a no haber acompañado el juez su sentencia de la opinión exigida por la ley, y los tres restantes a la apreciación de la prueba.

En efecto el juez de distrito dictó sentencia sin acompañarla de una opinión escrita. Se le pidió que lo hiciera y accedió archivando una que cumple con todos los requisitos exigidos por el estatuto. No vemos que se haya cometido error alguno que pueda servir de base a la revocación de la sentencia.

A la discusión de los errores relativos a la apreciación de la prueba, dedica el apelante treinta y siete páginas de su alegato de cuarenta y cinco.

Pesando la evidencia, dice el juez sentenciador en su relación del caso y opinión:

"Por el resultado de dicha prueba, la Corte es de opinión que el demandante no ha probado satisfactoriamente los hechos esenciales de la demanda, especialmente que el demandado le haya vendido la finca objeto del pleito y que haya estado en posesión de la misma desde la fecha de la venta. Es verdad que el demandante ha tratado de demostrar que compró al demandado la referida finca, pero sobre este punto ha habido prueba del demandado tendente a justificar lo contrario, es decir, que nunca vendió al demandante la citada finca, surgiendo de este modo el conflicto en la prueba, conflicto que esta Corte resuelve en favor del demandado por los siguientes fundamentos: Por las dudas y vacilaciones de los testigos del demandante; por el

mismo pagaré presentado por el demandante justificativo de que el contrato entre el demandante y el demandado se refirió a un préstamo del primero al segundo y por la preponderancia de la evidencia presentada por el demandado.

"No habiéndose probado, pues, a satisfacción de esta Corte, que el demandado hubiera vendido al demandante la finca en cuestión y que éste haya estado en posesión de la misma, procede declarar, como se declara, sin lugar la demanda interpuesta en este caso, sin especial condena de costas."

Hemos estudiado cuidadosamente la transcripción y no sólo estimamos que no hay base para concluir que la corte de distrito cometiera error manifiesto al apreciar la evidencia aportada por ambas partes, sí que creemos que no pudo llegar a otra conclusión que no fuera la expresada en su sentencia.

No hay duda alguna con respecto a la identidad de la finca. Tampoco la hay de que el demandante y su hermano Gerardo eran dueños de ella en 1916 y la vendieron al demandado Fernando Pérez Llera.

El demandante declaró en el juicio que en 1917 al embarcarse el demandado para la Península le compró la finca pagándole su precio. ¿Qué evidencia aportó para demostrarlo, además de su declaración? Se refirió a un pagaré a su favor otorgado por el demandado. Y la verdad es que tal prueba en vez de favorecerle, le perjudica. ¿Cómo es posible que si el demandado recibió el dinero que el demandante le entregó en 1917 como precio de la venta de la finca y el demandante entró en posesión de ella como dueño desde entonces, le fuera a otorgar un pagaré reconociendo deberle dicha cantidad? La explicación del demandante de que tenía en el demandado plena confianza y no quiso molestarlo al salir para la Península, es insuficiente. En cambio la terminante declaración del demandado en el juicio en el sentido de que fué un préstamo el que le hizo el demandante y no una compra y de que la finca quedó arrendada a Luis Antonio Ortiz a razón de $125 anuales con encargo de pagarlos al demandante

para que éste los fuera abonando al préstamo, corroborado el último extremo por la declaración del propio Ortiz, guarda perfecta armonía con el otorgamiento del pagaré.

*Debe confirmarse la sentencia recurrida.*